[No. 18193.  Department Two.  February 1, 1924.]

JOHN L. ROWE, *Appellant*, v. GENERAL METALS
COMPANY, *Respondent*.[1]

CORPORATIONS (55)—CAPITAL STOCK—SALES—CONTRACT—EVIDENCE
—SUFFICIENCY.  Where a metallurgist, having a contract with a corporation for certain shares of stock in consideration of his secret processes and services in reducing ore, relinquished all his rights after his process and efforts proved unsuccessful, his assistant claiming under him, and not named in the contract, is not entitled to the stock in return for his services.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 19, 1923, upon findings in favor of the defendant, in an action on contract, tried to the court.  Affirmed.

*John W. Whitham*, for appellant.
*John F. Reed*, for respondent.

FULLERTON, J.—The appellant, John L. Rowe, plaintiff below, brought this action against the respondent, General Metals Company, a corporation, to recover a balance of $1,700, alleged to be due for work and labor performed; and to compel the delivery to him of 173,-434 shares of the capital stock of respondent of which he alleged he was the owner and which had been issued in his name but which the corporation refused to deliver to him.  The cause was tried by the court sitting without a jury.  A recovery was allowed for a part of

[1]Reported in 222 Pac. 884.

the claim for services, but a delivery of the capital stock was denied.

The transactions out of which the controversy arises are somewhat complicated. It appears that one Joseph A. Comer and others were the owners of certain mining claims and mining locations which contained refractory ores not capable of being reduced profitably by the ordinary known processes. Comer was a chemist and metallurgist, and claimed to have knowledge of secret processes by which the ores could be reduced efficiently, and the valuable minerals therein contained extracted at a profit. Certain other persons were willing to advance sufficient money to construct a refinery and place the mines upon a going basis. To that end, they entered into a written contract in which the rights and mutual obligations of the parties were set forth in minute detail. The contract need not be set out here at length. In substance, the parties agreed to form a corporation with a capital stock of $2,000,000, divided into shares of the par value of one dollar each, of which Comer and his associates were to have a two-fifths interest. Comer and his associates agreed to convey the mines to the corporation, and warranted to the other parties to the agreement that Comer was the sole owner and possessor of the "formulae, processes, metallurgy and knowledge" whereby the ores of the mines "may be easily, economically and profitably" worked, and Comer individually agreed to devote his services to the company as its chief metallurgist for a period of three years and to use for the benefit of the company his secret processes in extracting from the ores of the mine the valuable minerals contained therein.

The corporation was organized according to the terms of the agreement, the refinery constructed, but Comer's processes proved insufficient to economically

or profitably extract the minerals from the ores. After vainly trying for a number of months to comply with his agreement, he abandoned his efforts, surrendered his right to any part of the capital stock of the corporation and waived any claim he had against it for salary.

Comer's efforts extended over the months of May, June, July and August of the year 1921. The appellant was employed during these months as Comer's assistant, and the respondent concedes that he is entitled to recover against it for his services during such time at the rate of three hundred dollars per month, less one hundred dollars paid on the account, and for this amount the trial court awarded him judgment. He contends, however, that his employment did not cease until the end of the following October, and that he is entitled to an additional six hundred dollars. On this question, the evidence is conflicting, but we think its decided weight is with the conclusion of the trial judge. As we read the record, it shows that the appellant's services for the respondent ceased with the cessation of the services of Comer, and that such work as was done around the plant by either of them thereafter was done in an effort to perfect the processes for the uses of another company which the appellant, Comer, and others had then formed or were contemplating forming.

As to the appellant's right to recover the capital stock, we find no substantial evidence on which it can be based. The appellant is not named in the agreement before mentioned. While he testified to owning a substantial interest in the properties conveyed to the corporation, there was no record evidence thereof; and, if he had any such interest, his interest was represented by Comer. The appellant was, therefore, bound by Comer's acts with reference thereto, and since

Comer is by his acts barred of a recovery, the appellant is barred also.

The judgment will stand affirmed.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.